GEORGE F. MOON, Respondent, v. J. J. HOY, JR., and NICHOLAS FUSCO, Appellants.— Appeal by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of Greene on the 19th day of June, 1937, upon the verdict of a jury in favor of the plaintiff against the defendants for $6,500 damages and $138.35 costs, amounting in all to $6,638.50, and from an order denying a motion to set aside the verdict and for a new trial. After serving the automobile of the defendant Hoy, operated by the defendant Fusco, with gasoline at a gas pump outside of a garage, the plaintiff was still standing on the running board of a truck with the gas hose and nozzle in his hand when the truck was started suddenly and without warning. Plaintiff tried to grab a hold on the car but fell off and a wheel ran over his leg. Fusco's version of the accident was that after he started to leave the gas pump the plaintiff got on the running board and started to grab for a pencil, and when he could not get it then started to shut off the switch of the truck and he could not do that either. There was thus presented a question of fact for determination by the jury and we may not disturb the jury's findings in that respect. It is claimed that the verdict for $6,000 was excessive. Plaintiff sustained a fracture of both bones of the left lower leg and the foot was bent upon itself. The fracture was of a sliding type, an oblique line through the bone and after it was reduced and the cast applied it slid down again. A metal bone plate was then put in. Plaintiff suffered in all four operations and was several weeks in the hospital. His entire loss of time covered twenty-six weeks. The medical expenses were $797.75 and lost time $520, making a total of $1,317.75. As a result of the fracture he has a scar about seven inches long on the leg, the muscles and cords were displaced and cut, there is some pulling of the toe outward and a noticeable limp. Under all of these facts the verdict was not excessive. Judgment and order affirmed, with costs. Rhodes, McNamee, Crapser and Bliss, JJ., concur; Hill, P. J., dissents upon the ground that plaintiff was negligent as a matter of law in remaining upon the running board after completing his work connected with the delivery of gasoline and when he saw the defendant about to start the machine.